Eastern District of Kentucky
F I L E D

JUN - 9 2016

AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 16-70-DLB

BRIAN BAKER                                                              PLAINTIFF

V.                                   **MEMORANDUM OPINION**
                                      **AND ORDER**

CHIEF U.S. MARSHAL, et al.,                                  DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Brian Keith Baker is confined at the Federal Correctional Institution - Elkton in Lisbon, Ohio. Proceeding *pro se*, Baker has filed a civil rights action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). (Doc. #1). The Court has granted Baker's motion to proceed *in forma pauperis* by prior Order. (Doc. #10).

In his complaint, Baker contends that the Defendants have "calculated his 85% so it comes out at 87%" and "did not credit any of the time spent under 'Enlarged Detention Order Conditions' Pretrial." (Doc. #1 at 2). Baker alleges that in a pretrial custody report, the United States Marshals Service did not characterize his pretrial conditions as "detention," and suggests that as a result, he did not receive prior custody credits for this time pursuant to 18 U.S.C. § 3585(b). (Doc. #1 at 4-5). Baker further contends that he should only have to serve 85% of his sentence as indicated by the trial judge, not the 87% calculated by the BOP. (Doc. #1 at 6-7).

Baker names as defendants the "Chief U.S. Marshal, Personally" in the London, Kentucky office; the warden of FCI-Elkton; and the Director of DSCC, and seeks $13 million in damages under a myriad of legal theories, including civil rights violations; unfair

1

trade, debt collection, claims settlement, and employment practices; malpractice; forgery; negligence; misfeasance; and personal injury. (Doc.#1 at 1, 7-8)

The Court must conduct a preliminary review of Baker's Complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. When testing the sufficiency of a complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

The Court must dismiss Baker's claims because he has not obtained habeas relief invalidating the Bureau of Prisons' sentence calculations prior to asserting this civil action seeking damages. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that until a prisoner can demonstrate that his conviction or sentence has been invalidated, he cannot assert any claim for damages which would necessarily imply that the conviction or sentence is invalid. *Id.* at 487. Three years later, the Supreme Court held that the principles underpinning *Heck* applied with equal force to preclude civil claims which would necessarily imply the invalidity of actions taken by prison officials that have the effect of increasing the duration of the prisoner-plaintiff's confinement. *Edwards v. Balisok*, 520 U.S. 641, 645 (1997). Where *Balisok* bars a civil claim, the proper approach is to dismiss the action, not hold it in abeyance. *Id.* at 649.

2

While typically *Balisok* applies to preclude civil rights claims arising from prison disciplinary convictions resulting in the loss of good time credits, *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004), it is routinely applied in other contexts where the claim challenges actions of prison officials that increase the duration of the prisoner-plaintiff's confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005) ("In context, *Heck* uses the word 'sentence' to refer not to prison procedures, but to substantive determinations as to the length of confinement."). Thus, *Heck* and *Balisok* will bar a claim based upon the BOP's refusal to retroactively designate a state institution as the place for service of a federal sentence, which has the effect of increasing the amount of time to be served on the federal sentence. *Ephraim v. United States*, No. 3:14-CV-73, 2015 WL 3755882, at *6-7 (N.D. W.Va. June 16, 2015). Likewise, the BOP's refusal to award prior custody credits or commence a sentence at a prior date under § 3585(a), (b), cannot form the basis for a civil rights action until after the BOP's decision is invalidated through a proper habeas action. *Cf. Medrano–Arzate v. United States*, No. 4: 10-CV-0720, 2010 WL 4321541, at *3-4 (N.D. Ohio Oct. 26, 2010); *See also Whitehurst v. Jones*, 278 F. App'x 362, 363-64 (5th Cir. 2008) (holding that *Bivens* action for detaining prisoner beyond release date as calculated by prisoner was premature until prisoner obtained habeas relief invalidating BOP's sentence calculations).

Because Baker has not previously obtained a judicial determination that the BOP's calculations are improper, the Court must dismiss his claims as prematurely filed. Furthermore, even if Baker had obtained a judicial determination in his favor, his claims are without merit. The Court initially notes that Baker has not sued the proper parties, those responsible for the conduct about which he complains. But disregarding this

3

procedural defect, neither aspect of the BOP's sentence calculations about which Baker complains was improper.

Baker first suggests that he was entitled to prior custody credits pursuant to 18 U.S.C. § 3585(b) because he was subjected to "Enlarged Detention Order Conditions Pretrial." (Doc. #1 at 2). Shortly after his initial arrest and arraignment, on October 17, 2012, Baker was released on bond pending trial. While out on bond, Baker was subject to ordinary conditions of release, such as supervision by the U.S. Probation Office, as well as some additional restrictions, including a nighttime curfew and prohibitions against possessing firearms, associating with his co-defendants, and traveling outside the district. Although Baker violated the conditions of his bond in June 2013, his bond was not revoked and he was released again. Baker remained at liberty through two subsequent rearraignments, and was taken into BOP custody to begin service of his federal sentence only after the conclusion of the sentencing hearing on March 26, 2015. *United States v. Baker*, No. 6: 12-CR-51-ART-EBA (E.D. Ky. 2012) (Doc. #21, #71-72, #150, #184, #257 at pp. 70-71 therein).

The Supreme Court has expressly held that even restrictive conditions imposed on those released on bail are not considered held in "official detention," and thus are not entitled to prior custody credits under § 3585(b). *Reno v. Koray*, 515 U.S. 50, 56-59 (1995) ("under the language of the Bail Reform Act of 1984, a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions, as respondent was, is 'released.'"). Under *Koray*, Baker is not entitled to prior custody credits for the period he spent on bail because he was not in the custody of federal authorities during this period. *Munoz v. Maye*, 485

4

F. App'x 699, 700 (5th Cir. 2012); *Miller v. Hastings*, 87 F. App'x 585, 586 (7th Cir. 2004); *United States v. Piper*, 525 F. App'x 205, 209-10 (3d Cir. 2013).

Baker also somewhat cryptically suggests that the BOP is requiring him to serve 87% of his sentence instead of the 85% the trial court suggested he would. The Court construes this claim as a challenge to the BOP's interpretation of 18 U.S.C. § 3624(b)(1), which provides that an inmate can be awarded up to 54 days of good time credit each year "at the end of each year of the prisoner's term of imprisonment ... subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with the institutional disciplinary regulations." For ease of calculation, the BOP has long determined the amount of good time credits by awarding up to 47 days of good time credit for each year of the sentence *imposed*, rather than 54 days of good time credit for each year of the sentence *actually served*. This is done because the amount of time actually served by the inmate will be reduced each year by good time credits earned, and may be increased by good time credits revoked or forfeited by disciplinary infractions or failure to participate in certain rehabilitation programs. The Sixth Circuit has approved the BOP's interpretation of this statute, *Williams v. Lamanna*, 20 F. App'x 360 (6th Cir. 2001), and the Supreme Court has expressly validated this interpretation. *Barber v. Thomas*, 560 U.S. 474, 479-82 (2010). Under *Barber*, the BOP's calculation is correct. Therefore, Baker's claims lack merit and his Complaint is dismissed.

Accordingly, **IT IS ORDERED** that:

1. Baker's Complaint (Doc. #1) is **DISMISSED**;

2. The Court will enter a judgment contemporaneously with this order; and

3.   This matter is **STRICKEN** from the Court's active docket.

This the 9th day of June, 2016.



Signed By:
*David L. Bunning*   DB
**United States District Judge**

K:\DATA\ORDERS\ProSe\Baker 16-70-DLB Memorandum RBW.docx